IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA

v.                                                                        CASE NO. 5:98-cr-38-SPM-AK

SAMMIE RAY GILBERT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**


This matter is before the Court on Doc. 97, Motion to Vacate under 28 U.S.C. § 2255, by Sammie Ray Gilbert. The Government has filed a response, Doc. 104, and Defendant has filed a reply. Doc. 107. acknowledges that the motion is untimely but seeks the application of equitable tolling to bring his ineffective assistance of counsel claims properly before this Court. Having carefully considered the matter, the Court recommends that the motion be denied as untimely.

Defendant pled guilty to seven counts involving drugs, firearms, and the intimidation of a witness. Doc. one count of conspiracy to manufacture, distribute, and possess with intent to distribute more than fifty grams of methamphetamine or more than five hundred grams of a mixture containing methamphetamine. Docs. 56 & 57. On May 11, 1999, he was sentenced to 211 months imprisonment, and judgment was entered on May 12, 1999. Docs. 70 & 73.

Defendant did not appeal the sentence, though he maintains that he directed counsel to do so, and thus, his conviction became final ten days after entry of judgment.  *See* Fed. R. App. P. 4(b)(1) and 26(a).

According to Defendant, he did not know that his court-appointed counsel, Steven Seliger, did not file a notice of appeal until shortly after November 7, 2000, when counsel advised Defendant:  "I did not file a notice of appeal because there was nothing to appeal....Once [the sentencing was complete], I was not your court appointed attorney any more."  Doc. 97, Ex. A.  On November 17, 2000, Defendant filed a "Motion for Assignment of Counsel," advising the Court that Seliger "has abandoned Movant Gilbert and has failed to file notice of appeal of the sentence."  Doc. 85.  On January 25, 2001, the Court granted the motion and directed the Clerk to prepare an order appointing counsel even though an appeal was not pending.  Doc. 89.

The Clerk did not comply with the Court's order, and no further activity occurred in this case until January 22, 2004, when Defendant filed a motion requesting information regarding the prior order directing appointment of counsel and "in the event that such counsel has not been appointed, to appoint such counsel...."  Doc. 91.  According to Defendant, he had "waited for some further action by this honorable Court or to be contacted by the attorney ordered to be appointed, but has received nothing at all from any source whatsoever."  *Id*.

On February 13, 2004, in an Order on Appointment of Counsel, the Court vacated it prior order appointing counsel, stating:  "A review of court records shows that the clerk never prespared an order as directed and counsel was never actually appointed.  Although these

circumstances are regrettable, no harm to Defendant has resulted because Defendant had no post-trial remedies available and the appointment of counsel would have been futile." Doc. 92.  It further found that because Defendant's original motion for appointment of counsel was filed long after the time for filing a notice of appeal had expired, he "could not have pursued an appeal at that time, regardless of whether counsel was appointed for him." *Id*.  The Court also concluded that Defendant's "opportunity to pursue a belated appeal or any other relief by motion under [§ 2255] had also expired," and thus, he could not have pursued § 2255 relief "when he requested counsel, and an appointment would have been futile." *Id*.  Nevertheless, the Court advised Defendant that if he discovered any viable form of post-trial remedy, it would "reconsider whether counsel should be appointed." *Id*.

The instant motion was filed on July 14, 2004, the date the motion was delivered to prison personnel for mailing.  While the Court has already foreclosed any argument that the motion to vacate is timely under § 2255(1) and none of the other three limitations provisions is applicable, the Court will consider whether equitable tolling is appropriate, sinc "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id*.

Between May 11, 1999, and the fall of 2000, Defendant did not take any steps to determine whether his counsel had indeed followed his directions regarding an appeal.  By the

time he wrote counsel, and counsel responded on November 7, 2000, eighteen months had passed since he directed counsel to appeal (the Court assumes, without deciding, that Defendant clearly demonstrated his desire to appeal only for purposes of this proceeding), which shows a complete lack of diligence on Defendant's part.  At the very least, Defendant should have made some attempt, either telephonically or in writing, to contact either counsel, the Clerk of this Court, the clerk of the Eleventh Circuit, or the District Judge who handled the underlying criminal proceedings to inquire regarding the status of his appeal.

In light of the circumstances, the Court does not believe it was reasonable for Defendant to allow even one year to pass without making some minimal amount of inquiry.  However, if the Court assumes *arguendo* that Defendant's initial failure to inquire regarding his appeal was reasonable, he certainly acted with no diligence after receipt of the Court's order directing the appointment of counsel, as no reasonable defendant would have simply sat back for three years and "waited for some further action" either by this Court or counsel.  When he received no communication from any court or any attorney regarding an appeal, a reasonable defendant would have been proactive and, at a minimum, secured a copy of the docket sheet in this case, a cursory review of which would have readily revealed that no appeal had been filed and that the Clerk had not complied with the Court's order directing appointment of counsel.  While the passage of some amount of time following the January, 2001, order was reasonable, allowing three full years to pass without inquiry is absolutely indicative of a lack of due diligence.  Thus, Defendant's failure to file the instant motion timely did not occur because of extraordinary

circumstances that were both beyond his control and unavoidable even with diligence, and equitable tolling should not be applied in this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 97, be **DENIED as untimely**.

**IN CHAMBERS** at Gainesville, Florida, this  *21<u>st</u>*  day of June, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**